IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY LEE MORALES,

      Plaintiff,                     No. CIV S 09-3610 GGH P

    vs.

CALIFORNIA FORENSIC MEDICAL
GROUP, INC., et al.,

      Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a Solano County Jail inmate proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 9.00 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1

Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names the following as defendants: the California Forensic Medical Group, Inc.; Solano County Jail Medical Department (alternatively, plaintiff also identifies the California Forensic Medical Group, Inc. as employed as the Solano County Jail Medical Department); and Ravinder Kadervari, M.D. Plaintiff alleges that his eyes "hurt due to blurry vision and irritation of un-focused sight." Complaint, p. 3. Plaintiff states that after grieving this condition on November 30, 2009, he was provided with eye exam on December 2, 2009. Id. He avers that he was informed that he needed glasses but was also told that "they," whom he does not otherwise identify, would neither provide him with glasses or send him to an optometrist for further medical attention for his eyes. Id. Plaintiff states that he was told that he was denied further medical care by Dr. Kadervari. Id. Plaintiff seeks punitive damages and injunctive relief. Id.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

3

        A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

        "While severe eye injuries or legal blindness may constitute a serious medical need," such is not the case, for example, with regard to "reading glasses." Canell v. Multnomah County, 141 F. Supp. 2d 1046, 1057 (D. Or. 2001), citing Franklin v. State of Oregon, 662 F.2d 1337 (9th Cir.1981); McMillen v. Fairman, 1997 WL 603853 *3 (N.D. Ill. 1997) (some discomfort suffered as a result of broken eyeglasses not being replaced insufficient to demonstrate a serious medical need). On the other hand, an Eighth Amendment claim can be stated if, after confiscation of glasses and subsequent denial of medical treatment, significant consequences result. Koehl v. Dalsheim, 85 F. 3d 86 (2nd Cir, 1996). The complaint will be dismissed but plaintiff will be granted leave to amend to set forth additional facts to demonstrate an Eighth Amendment violation.

        In addition, plaintiff must more clearly identify which defendant or defendants are responsible for the conduct resulting in any alleged deprivation plaintiff has suffered. That is, if plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1 deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
2 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,
3 vague and conclusory allegations of official participation in civil rights violations are not
4 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
6 order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
7 complaint be complete in itself without reference to any prior pleading. This is because, as a
8 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
9 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case. Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12        In accordance with the above, IT IS HEREBY ORDERED that:

13        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

14        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
15 Plaintiff is assessed an initial partial filing fee of $9.00. All fees shall be collected and paid in
16 accordance with this court's order to the Director of the California Department of Corrections
17 and Rehabilitation filed concurrently herewith.

18        3. The complaint is dismissed for the reasons discussed above, with leave to file
19 an amended complaint within twenty-eight days from the date of service of this order. Failure to
20 file an amended complaint will result in a recommendation that the action be dismissed.

21 DATED: April 6, 2010

       /s/ Gregory G. Hollows

       GREGORY G. HOLLOWS
       UNITED STATES MAGISTRATE JUDGE

25 GGH:009
mora3610.b

5